# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

YOLANDA LORRAINE
DIAZ JARAMILLO,

        Plaintiff,

v.

        No. 1:17-cv-00859-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(b), the Court has considered Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 19), filed February 9, 2018; the Commissioner's response in opposition (Doc. 21), filed March 15, 2018; and Plaintiff's reply (Doc. 23), filed March 26, 2018. Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion is granted in part as detailed below.

### I. PROCEDURAL BACKGROUND

On June 10, 2014, Plaintiff filed an application for Social Security Disability Insurance benefits, alleging that she had been disabled since September 1, 2013, due to high blood pressure; obstructive sleep apnea; gastroesophageal reflux; congestive heart failure; "mitro valve and tricuspid valve"; degenerative disk disease; lumbago; gallstones; osteopenia; vertigo;

fibromyalgia; osteoarthritis; depression; and anxiety. (AR 139-140). After receiving denials at both the initial and reconsideration levels of review, Plaintiff requested and received a hearing before Administrative Law Judge ("ALJ") Michael Leppala.

In the written decision that followed, ALJ Leppala summarized the evidence of record and assigned weight to medical opinions provided by, inter alia, Plaintiff's treating physicians, Patricia McElrath, M.D. and Paul Wilson, M.D., and examining state agency physicians, Ross Clark, M.D. and Deborah Kos, PsyD. He then employed the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 1, 2013.[2] (AR 70). At step two, ALJ Leppala found that Plaintiff has the severe impairments of degenerative disc disease; fibromyalgia; hip bursitis; osteopenia; hypertension; and obesity. (*Id.*). Here, the ALJ also noted that Plaintiff has the non-severe mental impairments of Anxiety and Affective Disorder. (AR 71). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (AR 72).

ALJ Leppala next assessed Plaintiff's Residual Functional Capacity ("RFC"), finding that Plaintiff has the RFC[3] to:

> perform light work as defined in 20 CFR 404.1567(b) except the Claimant is capable of occasionally lifting and/or carrying twenty pounds; frequently lifting and/or carrying ten pounds; standing and/or walking for about six hours in an eight- hour workday, and sitting for about six hours in an eight-hour workday, all with normal breaks. The Claimant is capable of occasionally climbing ramps, stairs, ladders, ropes, or scaffolds, occasionally balancing, stooping, kneeling, crouching, and crawling.

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2017. (AR 70).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

(AR 74).

With this assessment at hand, ALJ Leppala determined, at step four, that Plaintiff was able to perform her past relevant work as an office manager, scheduler, and printer and, therefore, was not disabled. (AR 80). The ALJ's decision became final when, on June 30, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5).

Plaintiff now asks the Court to reverse and remand, arguing that the ALJ (1) improperly assessed the medical opinions provided by agency examining consultants Ross Clark, M.D. and Deborah Kos, Psy.D; (2) improperly rejected the medical opinion of her treating psychologist, Dr. Paul Wilson; and (3) improperly determined that she is capable of performing past relevant work.

## II. ANALYSIS

### A. Standard

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality

test has been met." *Id.* at 162. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

Having meticulously combed the record, the Court finds that the ALJ erred in his consideration and weighing of the medical evidence provided by Plaintiff's treating provider, Dr. Wilson, and agency examining consultant, Dr. Kos. In the absence of a proper evidence evaluation, the Court is unable to determine whether the ALJ's findings are supported by substantial evidence. Consequently, the Court will reverse the Commissioner's decision and remand for further proceedings. The Court will only reach Plaintiff's specific evidentiary contentions to the extent relevant, and it will not reach Plaintiff's step four challenge as "it may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**B. Evaluation of Medical Evidence**

It is beyond dispute that an ALJ must consider and weigh every medical opinion contained in the record. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 404.1527(c). In determining what weight to give to an opinion, the ALJ evaluates several factors including, inter alia, the supportability and consistency of the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently specific to make clear to any subsequent reviewers the weight

the adjudicator gave to the…medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted).

Generally speaking, medical opinions from a claimant's treating physician should be given controlling weight if they are well-supported and consistent with the other substantial evidence of record, *Watkins*, 350 F.3d 1297, 1300 (10th Cir. 2003). If a treating physician's medical opinion is not given controlling weight, the opinion is still entitled to deference and it must be weighed using the factors set forth in 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6). In these circumstances, the ALJ is also required to weigh the prior administrative medical findings in accordance with 20 C.F.R. § 404.1527(c), and explain in his decision the weight he ultimately assigns to this evidence. *See* SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)[4] (explaining that ALJs may not ignore agency experts' findings and must explain in their decisions the weight given to the opinions). *See also* 20 C.F.R. § 404.1527(e) (stating that an explanation is not required if the ALJ gives controlling weight to a treating source's medical opinion).

### C. The ALJ's Evaluation

In the case at bar, the ALJ failed to engage in any of the required weighing analyses in his consideration of the medical evidence provided by Dr. Kos and Dr. Wilson. And, there is nothing to indicate that he gave any deference to Dr. Wilson's opinion. In fact, the ALJ appears to have addressed both opinions as an afterthought as he dismissed this evidence with little discussion and without legal justification for so doing.

The medical opinions at issue are thoroughly discussed in the parties' respective briefings and it would serve no purpose to recount this evidence once again. As is pertinent here, both Dr. Kos and Dr. Wilson provided opinions regarding Plaintiff's mental health. Dr. Kos opined that

---

[4] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263. Rescission effective for claims filed on or after March 27, 2017.

Plaintiff's prognosis for returning to work was poor "given [Plaintiff's] multiple medical issues and chronic pain." (AR 868). Dr. Kos further noted that Plaintiff "is currently struggling with depression secondary to loss of function as she is managing to cope with medical issues, taking medications, and a complete disruption in her lifestyle." (*Id.*). Oddly, none of Dr. Kos' findings are mentioned in the ALJ's opinion. Instead, in one sentence, the ALJ concludes that Dr. Kos' evaluation is entitled to only "limited weight" on the ground that it was based on a single examination. (AR 79). Not only is this one sentence explanation legally insufficient to justify the outright rejection of the evidence, but it is also perplexing given that, by its nature, an agency consultation is a one shot deal.

Dr. Wilson, in turn, completed a Medical Assessment of Ability to Do Work-Related Activities (Mental), wherein he opined that Plaintiff has numerous marked and moderate limitations which impede her ability to work. (AR 1148-50). Again, the ALJ gave "little weight" to the opinion without discussing its content. In support, the ALJ vaguely argued that the doctor's assessment was "internally inconsistent and inconsistent with the evidence of record." (AR 79). Here, the ALJ added that "Dr. Wilson opined the Claimant has mild limitations in 4 of 5 social limitations, but then found she overall has marked limitations. Dr. Wilson failed to adequately explain conclusion [sic]." (*Id.*). The ALJ also averred that Dr. Wilson completed the written assessment in Plaintiff's presence "which taint[ed] the independence of the evaluation." (*Id.*).

The Court is unable to follow the ALJ's reasoning concerning the alleged inconsistencies in the doctor's opinion. The ALJ does not provide any context to his statement that the doctor "opined the Claimant has mild limitations in 4 of 5 social limitations, but then found she overall has marked limitations." Consequently, the Court can only presume that he is referring to the

fact that Dr. Wilson determined that Plaintiff was only slightly limited in her ability to interact socially, but then later found that she has "marked difficulties in maintaining social functioning." (AR 1149-50). Without an explanation as to why Plaintiff's ability to interact socially and her ability to maintain social functioning are one in the same, the Court is unable to discern an inconsistency in the doctor's statements. And, even if the statements were inconsistent, the ALJ does not explain how this calls into question the entirety of Dr. Miller's assessment. Similarly, the Court is unable to follow why the ALJ determined that the doctor's findings were "tainted" simply because Plaintiff was present during the assessment.

The ALJ's decision is void of any indication that he properly considered or weighed the opinions provided by Dr. Kos and Dr. Wilson and, because the Court "cannot simply presume that the ALJ applied the correct legal standards" in evaluating this evidence, *Watkins*, 350 F.3d 1297, 1301 (10th Cir. 2003), the Court must reverse the Commissioner's decision and remand for further proceedings consistent with this order.

On remand, the Commissioner is directed to reevaluate Dr. Kos' and Dr. Wilson's opinion evidence in accordance with 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6). The Commissioner must also ensure that Dr. Wilson's opinion is treated with deference, *see, e.g.*, *Watkins*, 350 F.3d 1297, 1300 (10th Cir. 2003), and that the weight assigned to both opinions is supported by substantial evidence. The Court notes that, upon reevaluation, the Commissioner might still determine that one or both opinions are not entitled to significant weight. It is not the Commissioner's ultimate findings to which the Court objects. Rather, at this juncture, the Court is unable to determine whether the Commissioner's findings regarding the weight to be given to Dr. Kos' and Dr. Wilson's opinions are legally sound.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand to Agency for Rehearing (Doc. 19) is hereby **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**